[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14426
Non-Argument Calendar

_____

D. C. Docket No. 05-00058-CR-001-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENNIE DEVON TERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(March 23, 2007)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

On appeal, Bennie Devon Terry appeals his conviction for possession with

intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(B)(ii). He argues that the district court erred in denying the motion to suppress because his Fourth Amendment rights were violated at four different times during the traffic stop. In reviewing a district court's denial of a motion to suppress, we review its findings of fact for clear error and its application of the law to those facts de novo. United States v. Acosta, 363 F.3d 1141, 1144 (11th Cir. 2004). We address each argument in turn.

## I. The Initial Traffic Stop

Terry first argues that the initial traffic stop was pretextual because: he was weaving within his own lane, which is not a violation of Georgia law; the failure to give him a sobriety test showed that the officers did not have a reasonable suspicion that he was intoxicated; and because he had no reason to use his brakes until he was pulled over by the officers, the officers could not have been pulling him over, as they said, because of a non-working brake light .

Under the Fourth Amendment, "law enforcement may stop a vehicle when there is probable cause to believe that the driver is violating any one of the multitude of applicable traffic and equipment regulations relating to the operation of motor vehicles." United States v. Cooper, 133 F.3d 1394, 1398 (11th Cir. 1998) (quotation and citation omitted). Georgia law states that if a "motor vehicle is manufactured with two brake lights, both must be operational." O.C.G.A. § 40-8-

2

25(b).

At the suppression hearing, Deputy Greer Smith, an officer with the sheriff's department in Lamar County, Georgia, testified that he, along with Deputy Shannon Williamson and a canine trained to detect narcotics stopped Terry because he observed the vehicle drifting in and out of his lane with a brake light out. We find that the district court did not clearly err in crediting the testimony of the officer instead of Terry's and thus, finding that the officers had probable cause to stop Terry on the basis that he was violating applicable traffic regulations.

## II. Whether the Extent of the Duration Was Unlawful

Terry next argues that the deputies did not have reasonable suspicion to continue to detain him once they determined that he was not intoxicated. When examining the constitutionality of a detention during a traffic stop, we examine whether the duration of the seizure was reasonable given all of the circumstances. United States v. Hernandez, 418 F.3d 1206, 1209 n.3 (11th Cir. 2005), cert. denied, 127 S.Ct. 303 (2006).

In this case, only 15 to 17 minutes elapsed between the initial stop and the arrest, which Deputy Smith testified was no longer than his standard traffic stop. He further testified that he continued to detain Terry because Terry told him that he was drifting in and out of his lane because he was tired and that (1) Terry's hands

3

were shaking badly; (2) he was having trouble answering questions; (3) he would not make eye contact; and (4) the pulse in his neck was visible. Deputy Smith testified that this level of nervousness was not typical, especially considering the nature of the violation, and that his observations along with the strong smell of laundry detergent emanating from the car[1] led him to believe that Terry might have been under the influence of drugs. We conclude that, based on the facts in this record, the district court did not clearly err in crediting Smith's testimony and in finding that the short period of detention here was not so long as to render the scope of the seizure unreasonable.

### III. The Consent to Search

Terry also contends that the district court erred in finding that he voluntarily consented to the search of the vehicle. Deputy Smith testified that when he asked Terry whether he was under the influence of any alcohol or drugs, Terry replied that he did not drink. When asked specifically if he had taken any drugs that day, Terry repeated that he did not drink. Although Smith determined that Smith was not under the influence of alcohol, he believed Terry might be under the influence of a stimulant based on his nervousness and evasive answers. In addition, when he asked Terry if there were any narcotics in the car, Terry's response was "not that I

---

[1] Smith testified to his experience that laundry detergent is sometimes used to mask the smell of drugs.

know of." Smith then asked Terry for his "free and voluntary consent" to search the vehicle, and Terry granted it, with "no hesitation whatsoever." Smith searched the interior of the car but when he opened the trunk, Terry withdrew his consent.

Deputy Smith told Terry that he was going to issue a citation and perform a canine sweep of the vehicle, and, if the dog did not "alert" to an odor in the car, then Terry could leave. During the dog sweep, neither Terry nor Green were handcuffed, and the officers moved them to the side to protect them from the dog. Deputy Smith began writing the ticket, and Williamson began a standard dog sweep. The dog showed a very strong response on the trunk of the vehicle, and "went in" the trunk and began "showing his final alert on a red plastic bin."

In contrast, Terry testified that he was coerced to give his consent and that the officers exceeded the scope of his consent when they continued to search the car and opened the trunk after he withdrew his consent.

"An officer conducting a routine traffic stop may request consent to search the vehicle." United States v. Purcell, 236 F.3d 1274, 1281 (11th Cir. 2001). A consensual search is constitutional if it is voluntary, which may be determined by evaluating the totality of the circumstances. Id.

In this case, we cannot find that the district court clearly erred in concluding, based upon the video tape, Terry's inconsistent testimony, and the officer's

5

testimony, that Terry did not withdraw his consent to search the vehicle until after the officers opened the trunk, at which point, the officers stopped the search of the vehicle, until the dog alerted, and that, thus, the scope of the consent was not exceeded.

## IV. The Canine Sniff

Lastly, Terry argues that, because the traffic stop was unlawful, the dog sniff was unlawful, and the officers should have sought a warrant. To the extent Terry argues that the dog sniff was illegal because the traffic stop was illegal, that argument fails because the officers had an objectively reasonable basis to stop Terry's car. Illinois v. Caballes, 543 U.S. 405, 410 (2005). Therefore, the district court did not err in finding that the dog sniff was lawful.[2]

Based on the foregoing, we cannot conclude that the district court erred in denying Terry's motion to suppress.

**AFFIRMED.**

---

[2] While Terry also argues that the officers had a duty to close the trunk after consent was withdrawn, he has failed to provide any support for this argument.